UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

RICHARD ALLEN SCHNEIDER,

    Plaintiff,

v.

    Case No. 25-cv-676-pp

WELLPOINT CARE NETWORK,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE**

---

On May 8, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, and a request to proceed without prepaying the filing fee, dkt. no. 2. The plaintiff alleges that the defendant violated his constitutional rights related to a paternity hearing in state court. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee but will dismiss this case for lack of jurisdiction.

**I.    Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

1

The plaintiff's affidavit states that he is unmarried with one dependent, an eighteen-month-old daughter. Dkt. No. 2 at 1. He avers that he is unemployed and has no monthly wages or salary. Id. at 1–2. The plaintiff has no assets or money in cash, savings or checking accounts. Id. at 3. He identifies $500 per month in miscellaneous household expenses. Id. at 2. Additionally, the plaintiff states that he "[lost his] job because of this case they put [him] on." Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation

marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim against a defendant, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B.   The Complaint

The plaintiff alleges that the defendant violated the Fourteenth Amendment, the plaintiff's right to due process and the Equal Protection Clause. Dkt. No. 1 at 2. He states that on December 8, 2023, he was adjudicated the father of a little girl previously unknown to him. Id. at 3. He states that "they" took his daughter away from her mother after discovering that his daughter had methamphetamines in her system, and the child's mother already had had two children "taken" from her previously. Id. The plaintiff states that "they put [him] on a Chips Petition" for his daughter. Id. He alleges that he was expecting to have custody of his daughter after being adjudicated as the father "as the Fourteenth Amendment says," but he was not given custody. Id.

The plaintiff states that he is suing for a violation of federal law. <u>Id.</u> at 4. In the complaint's "relief wanted" section, the plaintiff states that he "would like them to hand [his] daughter over immediately as the Constitution says." <u>Id.</u> He also seeks compensatory damages for himself and his daughter for "emotional distress, and pain and suffering, and loss of work" from December 8, 2023 to the present. <u>Id.</u>

C. <u>Analysis</u>

The plaintiff appears to be seeking custody of his daughter. This federal court first must determine whether it has jurisdiction over this claim. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of *state* law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff asserts that he is suing for a violation of federal law, specifically various provisions of the Constitution including the Fourteenth Amendment, the Due Process Clause and the Equal Protection Clause. Dkt. No. 1 at 2, 5. But "the domestic-relations exception to federal jurisdiction blocks federal adjudication of cases involving 'divorce, alimony, and child custody decrees.'" <u>Syph v. Arce</u>, 772 F. App'x 356, 357 (7th Cir. 2019) (quoting <u>Marshall v. Marshall</u>, 547 U.S. 293, 307-08 (2006)); <u>Friedlander v. Friedlander</u>, 149 F.3d 739, 740 (7th Cir. 1998). "State courts are assumed to have developed a core

4

proficiency in probate and domestic relations matters and they can decide federal questions at the same time." Syph, 772 F. App'x at 357 (citing Sykes v. Cook Cnty. Cir. Ct. Probate Div., 837 F.3d 736, 741 (7th Cir. 2016)). Because the plaintiff seeks to gain custody of his daughter, his lawsuit falls squarely within the domestic-relations exception to federal jurisdiction.

Nor does the court have diversity jurisdiction. For a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under §1332." Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071-72 (E.D. Wis. 2001) (citations omitted). The complaint states that both the plaintiff and the defendant are Wisconsin residents, dkt. no. 1 at 1–2, so this case lacks complete diversity.

Because the court has neither diversity jurisdiction nor federal question jurisdiction, it cannot adjudicate the plaintiff's claims. The plaintiff must pursue his challenge to state child custody determinations in state court. See T.W. by Enk v. Brophy, 124 F.3d 893 (7th Cir. 1997) (explaining that dispute over Wisconsin court's custody decree could be refiled in Wisconsin state court). This federal court does not have subject-matter jurisdiction over the dispute.

Although district courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so "when 'it is certain' that amendment would be futile." See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)). Here, amendment would be futile because the court does not have jurisdiction over the plaintiff's child custody dispute.

5

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED** because this federal court lacks jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 23rd day of June, 2025.

BY THE COURT:

**HON. PAMELA PEPPER**
**Chief United States District Judge**